Zachary WILLIAMS, Appellant

v.

John D. ASHCROFT, U.S. Attorney General and Kathleen M. Hawk, Director, U.S. Federal Bureau of Prisons, Appellees

No. 01–5285.

United States Court of Appeals, District of Columbia Circuit.

Feb. 8, 2002.

Before HARRY T. EDWARDS, SENTELLE, and KAREN LECRAFT HENDERSON, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that the district court's order and judgment filed July 26, 2001, be affirmed. The district court properly granted summary judgment in the government's favor. *See Serono Laboratories, Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C.Cir.1998). Appellant's Freedom of Information Act (FOIA) request sought a list of telephone calls made on the inmate telephone system (ITS) under his personal identification number from FCI–Petersburg from October 1 through November 21, 1993. Subsequent correspondence between the Federal Bureau of Prisons (BOP) and appellant indicated that both understood the request as being for a print-out of calls made by

**6**

appellant during the specified period. There was no mention of the tape recordings in that request. BOP conducted a reasonable search for responsive records using methods reasonably expected to produce the information requested. Despite this effort, responsive records could not be found. BOP was not required to search for or provide tape recordings of appellant's actual telephone conversations because he did not include these materials in his initial FOIA request. *See Valencia-Lucena v. U.S. Coast Guard,* 180 F.3d 321, 327 (D.C.Cir.1999) (an agency is not required to conduct a search, however, where the effort would constitute an undue burden). Nor is an agency obligated to obtain or locate equipment solely for the purpose of processing a FOIA request. *See, e.g., McGehee v. CIA,* 697 F.2d 1095, 1102 (D.C.Cir.1983).

Pursuant to D.C.Cir. Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.